IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| JEFF T. PAGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-CV-1132 |
| | ) | |
| INLAND PAPERBOARD AND PACKAGING, INC., a Delaware Corporation, TIN, INC., a Delaware Corporation, and JOHN DOE, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Defendant TIN, Inc., removed this FMLA[1] case to federal court and followed with a motion to dismiss for insufficient service.  For the reasons below, the Court concludes that service on TIN, Inc., was defective. Instead of dismissal, however, the Court recommends that Plaintiff be given an opportunity to perfect service.

## Background

On June 10, 2008, Plaintiff filed a complaint in Peoria County Circuit Court against Defendant Inland Paperboard and Packaging, Inc. ("Inland").

---

[1] Family Medical and Leave Act, 29 U.S.C. Section 2601 *et seq.*

Plaintiff alleged that Inland had violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), by discharging him on October 4, 2006.

On August 26, 2008, Plaintiff attempted to serve Inland at CT Corporation System, which was Inland's registered agent according to the Secretary of State's website and Westlaw's website. (d/e 1, Ex. A, Plaintiff's Motion for Default, para. 2).[2] CT Corporation System, however, notified Plaintiff that it could not accept service on behalf of Inland because Inland had ceased doing business in Illinois as of June 30, 2005. (d/e 3, Ex. C). According to Defendant TIN, Inc. ("TIN"), Inland had merged into a corporation named Temple-Inland Forest Products Corporation. (d/e 3, Ex. G). TIN also asserts that Temple-Inland changed its name to TIN, Inc..[3] On October 10, 2008, Plaintiff amended his complaint in state court, adding two new corporate defendants: TIN and John Doe, Inc.. On November 12, 2008, Plaintiff again tried to serve Inland through CT Corporation Services, which again refused service, but this time informed Plaintiff that Illinois Corporation Service, in Springfield, Illinois was the correct registered agent for Inland. (d/e 1, Ex. A., Plaintiff's Motion for

---

[2] The websites checked by Plaintiff had also indicated that Inland had merged. (d/e 1, Ex. A, Plaintiff's Motion for Default, para. 2 and attachments).

[3] TIN asserts that the name change came before the merger (d/e 3, p. 5), but the certificate of merger shows that Inland was merged with Temple-Inland, not with TIN.

Default, para. 8 and attachments). Plaintiff also tried to serve the amended complaint on TIN through Illinois Corporation Service on November 12, 2008, but the summons incorrectly listed only Inland as a defendant in the caption. (d/e 1, Ex. A, Plaintiff's Motion for Default, para. 7). Illinois Corporation Services returned the service, indicating that it was not Inland's registered agent. The parties agree that Illinois Corporation Service is the registered agent for TIN, but it is unclear if there even is a registered agent for Inland, since both CT Corporation Services and Illinois Corporation Service deny being Inland's agent.[4]  *See* 805 ILCS 5/5.25(b)(discussing service on Secretary of State where corporation failed to appoint registered agent).

On December 16, 2008, Plaintiff tried a third time to serve Inland and a second time to serve TIN. An officer of the Sangamon County Sheriff's Office served an alias summons on Illinois Corporation Service with the amended complaint. This time the alias summons correctly listed all the defendants in the caption (Inland, TIN, and John Doe, Inc.) and was addressed "to each of the above named defendants." (d/e 1, Ex. A,

---

[4]The letters refusing service state that the name of the company is "Corporation Service Company," not Illinois Corporation Service, but the difference is not material to this recommendation. (d/e 3, Exs.E-F).

Plaintiff's Motion for Default, Ex. G). The amended complaint also correctly listed all three defendants. (d/e 1, attachment).

However, despite TIN's addition as a defendant, the Sheriff's return of service dated December 16, 2008, lists only Inland as the defendant served. (d/e 1, Ex. A, Plaintiff's Motion for Default, attachment G). The same day (December 16, 2008), Illinois Corporation Service again returned the service to Plaintiff, stating again that it was not Inland's registered agent and making no mention of TIN or John Doe, Inc.. (d/e 3, Ex. F). The documents attached to Plaintiff's supplemental response (d/e 11) confirm that TIN's registered agent recorded the alias summons as being directed to Inland only.

At this point, Plaintiff did not attempt service again, but instead filed a motion for default in state court, which it served by mail on the presidents of both companies and on CT Corporation Services and Illinois Corporation Service. (d/e 1, Ex. A). Upon receiving the motion for default, TIN removed the case to federal court based on federal question jurisdiction[5]

---

[5]Plaintiff does not challenge the propriety or timeliness of the removal.

and filed the instant motion to dismiss for insufficient service under Fed. R. Civ. P. 12(b)(5).

## Analysis

"When a defendant challenges the sufficiency of service, the burden is on the Plaintiff to affirmatively demonstrate otherwise." Chapman v. U.S. Marshal for Northern Dist. of Illinois, 584 F.Supp.2d 1083, 1090 (N.D. Ill. 2008), *citing* Robinson Eng'g Co. Pension Plan & Trust v. George, 223 F.3d 445, 453 (7th Cir.2000). "Generally, the sheriff's return is prima facie evidence of service which can be set aside only by clear and satisfactory evidence." Bober v. Kovitz, Shifrin, Nesbit, 2005 WL 2271861 *4 (N.D.Ill. 2005)(not Reported in F.Supp.2d), *citing* Island Terrace Apartments v. Keystone Serv. Co., Division of Cole Coin Operated Laundry Equip., Inc., 35 Ill.App.3d 95, 98 (1975).[6]  Here, however, the sheriff's return indicates only that Inland was served. There is no mention of TIN on the return of service.

TIN argues that it has not been served because its registered agent returned the summons and amended complaint to Plaintiff, believing that

---

[6]When a corporation is served, the sheriff's return is not conclusive as to agency, Island Terrace Apartments v. Keystone Serv. Co., Division of Cole Coin Operated Laundry Equip., Inc., 35 Ill.App.3d 95, 98 (1975), but here there is no dispute as to agency.  The parties agree that Illinois Corporation Service is TIN's registered agent.

the only defendant being served was Inland. Plaintiff counters that it took all the required steps to properly serve TIN in December 2008, and that the registered agent's mistaken belief cannot defeat otherwise proper service.

Plaintiff does appear to have complied with the legal requirements for service. The alias summons served on TIN's registered agent was in substantially the same form as the sample form set forth in Illinois Supreme Court Rule 101(d), containing the name of all the defendants in the caption and addressing the summons "to each of the above named defendants."[7] The amended complaint also clearly identified TIN in the caption. And, the complaint was indisputably left with TIN's registered agent. 735 ILCS 5/2-204 ("A private corporation may be served (1) by leaving a copy of the process with its registered agent . . . ."). A careful read of the caption in the summons and the amended complaint should have caused TIN's registered agent to look up *both* Inland and TIN while processing the papers.

However, even though Plaintiff took the proper steps, Plaintiff does not dispute that he knew that service had not been accepted by TIN's

---

[7] Illinois Supreme Court Rule 101(a) requires only that the summons be "directed to each defendant, . . . ." Under the federal rules, a copy of a summons addressed to multiple defendants must be issued for each defendant. Fed. R. Civ. P. 4(a).

registered agent.  Plaintiff also does not dispute that he knew that TIN's registered agent and the serving officer had mistakenly believed that Inland was the only defendant to be served, which is clear from the registered agent's letter and the sheriff's return.  Upon receiving the documents back, should have remedied the obvious confusion by serving the summons again, this time making it unmistakably clear to the sheriff's office which defendant was to be served.  Instead, Plaintiff filed a motion for default.

It is not clear what steps Plaintiff took to clarify which defendant was to be served.  For example, Plaintiff does not say how many copies of the amended complaint were conveyed to the sheriff to serve.  *See* Ill. Supreme Court Rule 102(a) ("summons (together with copies of the complaint as required by Rule 104) shall be placed for service with the sheriff . . . .").  If Plaintiff sent only one alias summons and one amended complaint for service with no instructions, then it is not clear how the sheriff or registered agent should know which defendant was being served.[8]  If Plaintiff was trying to serve more than one defendant, Plaintiff could have asked for a separate return of service after each defendant was served in order to ensure service on each.  Ill. Supreme Court Rule 102(d).

---

[8]For reasons unknown, the summons has Inland circled, but not TIN.  There is no information who circled Inland or why.

The parties cite no case addressing an analogous situation, nor did the Court find one. Both sides make reasonable arguments. However, it is Plaintiff's burden to show that service was effective. On balance, the Court does not believe that Plaintiff has met his burden. Upon receiving the sheriff's return and the documents back from TIN's registered agent, Plaintiff was on notice that service had not been effected and that confusion existed over which defendant Plaintiff was trying to serve. In the Court's view, this knowledge put the burden back on Plaintiff to clear up that confusion and attempt service on TIN again.

The Court accordingly concludes that TIN was not properly served in December 2008. Dismissal of the amended complaint is not warranted, however. 28 U.S.C. § 1448 allows for service anew in a removed case:

> In all cases removed . . . in which any one . . . of the defendants has not been served with process, . . ., or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

See Allen v. Ferguson, 791 F.2d 611, 615 (7th Cir. 1986)("If jurisdiction can be obtained over the defendant, then § 1448 permits service of process to be completed or new process to be issued in the same manner as in cases

originally filed in federal district court."). The Court will accordingly recommend that Plaintiff be directed to serve TIN again.

Inland has also not been served. Plaintiff does not dispute TIN's contention that Inland merged with Temple-Inland in 2004, and Temple-Inland changed its name to TIN in 2005. It may be that Inland ceased to exist on the merger, but the parties do not address this. The Court does not take up the question, except to note that Inland will have to be dismissed if it is not served, as well as the "John Doe" corporation that still has not been identified or served.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss (d/e 3) be DENIED to the extent it seeks dismissal of the amended complaint, but GRANTED to the extent it seeks a finding that TIN has not yet been properly served. The Court FURTHER RECOMMENDS that Plaintiff be directed to serve TIN within a time certain.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:    July 27, 2009

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE