## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JEFF T. PAGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.   09-cv-1132 |
| | ) |
| INLAND PAPERBOARD AND | ) |
| PACKAGING, INC., a Delaware | ) |
| Corporation, and TIN, INC, a Delaware | ) |
| Corporation, | ) |
| | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant TIN, Inc.'s Motion to Dismiss (Doc. 3) and Magistrate Judge Cudmore's Report & Recommendation (R&R) on the Motion to Dismiss (Doc. 14). For the following reasons, the Motion to Dismiss is granted in part and denied in part, and the R&R is adopted as modified herein.

### BACKGROUND

Magistrate Judge Cudmore's R&R sets out the background facts of this matter well, and the parties do not object to the R&R's statement of the facts; the Court reviews these facts only in summary. On June 10, 2008, Plaintiff filed a complaint alleging a violation of the Family and Medical Leave Act ("FMLA") against Defendant Inland Paperboard and Packaging, Inc. ("Inland") in the Peoria County Circuit Court. Plaintiff tried unsuccessfully to serve Inland with process through its registered agent, and, when it learned that Inland had merged into TIN,

Inc., amended its complaint to name TIN and John Doe, Inc.[1] Thereafter, Plaintiff again tried, unsuccessfully, to serve Inland through two different registered agents. On December 16, 2008, Plaintiff, through the Sangamon County Sheriff's Office, served an alias summons on Illinois Corporation Service, the registered agent of TIN, and what Plaintiff believed to be the registered agent of Inland.[2] This summons listed all of the Defendants' names, and was addressed to "each of the above named defendants." The Sheriff's return of service noted that Inland had been served on December 16, 2008.[3] (Doc. 3 at 37). Illinois Corporation service again notified Plaintiff that it was not Inland's registered agent and returned the service to Plaintiff. (Doc. 3 at 50). Plaintiff then moved for default, and served the motion by mail on the presidents of Inland and TIN. On April 10, 2009, TIN

---

[1] Defendant John Doe, Inc., was dismissed without prejudice from this suit on October 16, 2009, pursuant to Plaintiff's Motion for Voluntary Dismissal. (10/16/09 Text Order).

[2] According to the Secretary of State website and Westlaw, CT Corporation System is the registered agent for Inland. CT Corporation System informed Plaintiff that it could not accept service on behalf of Inland because Inland had stopped doing business in Illinois on June 30, 2005. CT Corporation System later informed Plaintiff that Illinois Corporation Service was the correct registered agent for Inland. Illinois Corporation Service also denied being Inland's registered agent.

[3] As noted by Magistrate Judge Cudmore, the Alias Summons that was issued on December 8, 2008, and subsequently delivered by the Sheriff's server to Illinois Corporation Service has Inland's name circled among the listed defendants; it also has Illinois Corporation Service's name and address circled. (Doc. 11 at 13). In addition, what appears to be another copy of the Alias Summons (as it is also dated December 8, 2008, though it is not signed by the Clerk of the Circuit Court), filed as an exhibit to TIN's Motion to Dismiss, has Inland's name and Illinois Corporation Service's name and address highlighted. (Doc. 3 at 36). This Court, like Magistrate Judge Cudmore, has received no information as to who made these notations or why.

removed the case to federal court on federal question jurisdiction, which has not been challenged by Plaintiff.

On April 28, 2009, TIN filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), arguing that it had not been properly served with process. (Doc. 3). Plaintiff responded by arguing that, as TIN does not dispute that TIN is named as a defendant in the Amended Complaint and Summons and as Illinois Corporation Service is TIN's registered agent, the fact that the registered agent did not understand that TIN was being served on December 16, 2008 is irrelevant, and that TIN was thereby served. (Doc. 4). In its Reply,[4] TIN asserted that the Summons and Amended Complaint did not name TIN as a party to be served, but merely as one of the defendants, and that, as both Illinois Corporation Service and the Sheriff's return of service indicated their belief that only service on Inland was attempted, TIN had not been served. (Doc. 6). Plaintiff filed a Supplemental Response[5] in opposition to the Motion to Dismiss, in which he repeated his argument that Illinois Corporation Service's belief that Inland was the only party to be served is irrelevant to the issue of whether TIN was properly served by service on Illinois Corporation Service, and that the fact that the Summons and Amended Complaint were addressed to both Inland and TIN as

---

[4]  Magistrate Judge Cudmore granted TIN leave to file a reply in support its Motion to Dismiss. (5/21/09 Text Order).

[5]  Magistrate Judge Cudmore granted Plaintiff leave to file a Supplemental Response in opposition to the Motion to Dismiss. (6/30/09 Text Order). In addition, he denied TIN's Motion to Strike the supplemental response. (7/2/09 Text Order).

3

defendants shows that Illinois Corporation Service, as TIN's registered agent, should have notified TIN of the suit.[6] (Doc. 11).

In his R&R, Magistrate Judge Cudmore recommended that the Motion to Dismiss be denied in part and granted in part. (Doc. 14). He recommended that the Motion be granted in finding that Plaintiff had failed to properly serve TIN, but that dismissal be denied in order to allow Plaintiff the opportunity to perfect service.

As to whether service on TIN was proper, Magistrate Judge Cudmore found that both parties made reasonable arguments in support of their positions. However, he found that Plaintiff had not shown that he had properly served TIN. This was based on the finding that, though Plaintiff appeared "to have complied with the legal requirements for service," the Sheriff's December 16, 2008, return of service, which is prima facie evidence of service, listed only Inland as the party served. Plaintiff bore the burden of proving that TIN had been properly served, and did not present any evidence to dispute the conclusion that he knew TIN's registered agent and the Sheriff's server believed only Inland had been served, nor to show how he attempted to clarify which defendant was to be served. Therefore,

---

[6] In the Supplemental Response, Plaintiff notes that on June 3, 2009, he obtained a Subpoena to Illinois Corporation Service for records regarding the service of process on Illinois Corporation Service as registered agent for TIN in this case. (Doc. 11 at 1). Plaintiff attached the results of the Subpoena to his Supplemental Response; he argues that they prove that Illinois Corporation Service was duly served on December 16, 2008. TIN moved to strike the Supplemental Response, as noted in the preceding footnote, arguing that it provided no new information and that Plaintiff had violated Federal Rule of Civil Procedure 45(b)(1) in serving the subpoena on Illinois Corporation Service. (Doc. 12). As noted above, Magistrate Judge Cudmore denied the Motion to Strike, ruling that the Court would consider the Supplemental Response for what it is worth. (7/2/09 Text Order).

Magistrate Judge Cudmore recommended that this Court find that Plaintiff had not properly served TIN.

Magistrate Judge Cudmore then recommended that Plaintiff be given the opportunity to perfect service on TIN, citing 28 U.S.C. § 1448, which allows new service in a removed case. He also noted that Inland had not been served, but that the parties did not address whether Inland ceased to exist upon its merger with Temple-Inland in 2004 (which subsequently changed its name to TIN in 2005).

On August 13, 2009, Plaintiff timely filed his objection to the R&R. (Doc. 17). Plaintiff objected to the conclusion that service on TIN was defective, arguing that Magistrate Judge Cudmore's statement that he appeared to have complied with the legal requirements for service was inconsistent with the finding that TIN was not properly served. Plaintiff argued that he had complied with the legal requirements, and that any misunderstanding by the registered agent as to which party was being served could not be held against Plaintiff.

TIN opposed Plaintiff's objection, arguing that service had been improper at the time of the R&R, and that dismissal would have been the proper remedy for that violation. (Doc. 22). However, since TIN accepted proper service from Plaintiff on August 3, 2009, TIN had filed its Answer and Defenses and was willing to go forward with the case. (Doc. 21).

## DISCUSSION

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which a "specific written objection has been made." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. As Plaintiff has objected to Magistrate Judge Cudmore's recommendation that he had not properly served TIN, the Court reviews that finding *de novo*.

The Court agrees that Plaintiff had not, prior to August 3, 2009, properly served TIN, and approves Magistrate Judge Cudmore's handling of this matter. It is a plaintiff's burden to prove that service was proper once it has been challenged. Robinson Eng'g Co. Pension Plan & Trust v. George, 223 F.3d 445, 453 (7th Cir. 2000). Here, Plaintiff was made aware after attempting service on December 16, 2008 that its Summons and Amended Complaint were insufficient to notify Illinois Corporation Service that Plaintiff was attempting to have TIN served as well as Inland. In addition, the Sheriff's return of service shows that only Inland was served, indicating both that only Inland was in fact served and that even the Sheriff's server did not believe that TIN was to also be served. Ford v. Continental Illinois Nat. Bank & Trust Co., 309 N.E.2d 332, 335 (Ill. App. 1974) ("In Illinois the sheriff's return is prima facie proof of service and can be overcome only by clear and convincing proof") (citing Marnik v. Cusack, 148 N.E. 42, 43 (Ill. 1925); Isaacs v. The Shoreland Hotel, 188 N.E.2d 776, 778 (Ill. App. 1963)).[7] Plaintiff shows no efforts that he made to clarify to Illinois Corporation Service and the Sheriff's server

---

[7] In Nibco, Inc. v. Johnson, the Illinois Supreme Court again restated the rule that the Sheriff's return is prima facie proof of service, but noted that the "rule applies, however, only to matters within the knowledge of the officer making the return." 456 N.E.2d 120, 124 (Ill. 1983). This undoubtedly includes the identity of the party that the officer means to serve, as the officer must know this information in order to carry out service.

6

that both defendants were to be served, such as providing two copies of the Summons and Complaint,[8] or asking for a separate return of service for each defendant. Since Plaintiff was on notice that Illinois Corporation Service and the Sheriff's server had misunderstood his intention to serve both defendants, he should have made some effort to clarify the confusion. He was also on notice that, according to the Sheriff's return, only Inland was served, which should have caused Plaintiff to take steps to ensure that TIN was also served. As Magistrate Judge Cudmore noted, he instead filed for default. It was Plaintiff's burden to prove that service was proper, and to overcome the statement in the Sheriff's return of service that only Inland was served; Plaintiff has failed to meet this burden.

Rather than dismissing the suit, Magistrate Judge Cudmore properly recommended that Plaintiff be allowed a period of time in which to perfect service on TIN. Under 28 U.S.C. § 1448, a plaintiff whose case has been removed to federal court has the opportunity to perfect service; dismissal is not appropriate until the plaintiff has failed to so perfect the service. See also 4A FED. PRAC. & PROC. CIV. § 1082 (3d ed.) ("the defendant can obtain a dismissal for lack of jurisdiction after removal only when the original service in the state court was improper, *and* the plaintiff finds it impossible to perfect service under Rule 4 after removal") (emphasis added).

---

[8]    As noted by Magistrate Judge Cudmore, Illinois Supreme Court Rule 101(a), unlike the Federal Rules, does not appear to require that a separate copy of the summons be issued for each defendant. However, though not strictly required, it would have clarified to the registered agent and the Sheriff's server which defendants were to be served.

7

"When a case has been removed from state court, as this matter has, service must be made upon any defendant not previously served within 120 days after the date of removal." Missouri Franchise Development Systems, LLC v. McCord, 07-cv-00099, 2007 WL 3085961, *1 (S.D. Ill. 2007) (citing 28 U.S.C. § 1448; FED.R.CIV.P. 4(m)).  Here, on July 27, 2009, the date of the R&R, TIN had not been served, and time still remained in the 120-day period after removal to federal court on April 10, 2009.  Plaintiff's August 3, 2009 service on TIN, which TIN acknowledges was proper, was within the 120-day period, which expired on August 10, 2009.  Therefore, there is no longer any need to provide Plaintiff with a certain period of time in which to perfect service, as he has done so, and TIN's Motion to Dismiss, insofar as it seeks dismissal from the suit, is now moot.

## CONCLUSION

For the foregoing reasons, the R&R (Doc. 14) is AFFIRMED AS MODIFIED.  Magistrate Judge Cudmore's finding that, as of the date of the R&R, Plaintiff had not perfected service on TIN is affirmed, and his recommendation that the suit not be dismissed, but that Plaintiff be allowed to perfect service, while proper, has been rendered moot by Plaintiff's later proper service on TIN.  TIN's Motion to Dismiss (Doc. 3) is GRANTED IN PART and DENIED AS MOOT IN PART.  TIN's Motion to Dismiss is granted insofar as the Court has determined that, prior to August 3, 2009, Plaintiff had not perfected service on TIN.  It is denied as moot insofar as it seeks dismissal of Plaintiff's Amended Complaint.

Entered this <u>7th</u> day of January, 2010.

<u>s/ Joe B. McDade</u>
JOE BILLY McDADE
United States District Judge
